```
                                            FILED
                                        J:N
         UNITED STATES DISTRICT COURT        OCT 8 0 2007
         NORTHERN DISTRICT OF ILLINOIS     OCT. 30, 2007
                             JH            MICHAEL W. DOBBINS
                                          CLERK, U.S. DISTRICT COURT
```

| | |
|---|---|
| RIMA OTHMAN<br>A99 091 209 | )<br>)   07CV6119<br>)   JUDGE GETTLEMAN<br>)   MAG. JUDGE VALDEZ |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. —————————<br>)   File No. A99 091 209 |
| | ) |
| DONALD FERGUSON, Interim<br>District Director, Chicago<br>District Office, U. S.<br>Citizenship & Immigration<br>Services, and ROBERT MUELLER,<br>Director, Federal Bureau of<br>Investigations, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, Rima Othman, by and through her own and proper person, and through the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, and hereby petitions this Honorable Court for a Writ of Mandamus directing the U.S. Citizenship & Immigration Services (hereinafter "USCIS"),and the Federal Bureau of Investigations (hereinafter the "FBI") to adjudicate the adjustment of status application and process any and all background checks pursuant to the same, and in support thereof, we state as follows.

## I. INTRODUCTION

1. This is a civil action brought by the Plaintiff to Compel the Defendant and those acting under him to take action on the subject application to adjust status to that of a lawful permanent resident (INS Form I-485) filed by Ms. Rima Othman with the USCIS/Department of Homeland Security and which Defendants and those acting under them have failed to take timely action on.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 USC Sec. 1331 (federal subject matter jurisdiction) in conjunction with 28 USC Sec. 1361 (mandamus), the Administrative Procedure Act (APA)(5 USC Sec. 555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 USC Sec. 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 USC Sec. 1331 because this action arises under 28 USC Sec. 1361 (mandamus), the Administrative Procedure Act (APA)(5 USC

Sec. 555(b) and 5 USC Sec. 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 USC Sec. 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS and the FBI to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 USC Sec. 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and FBI are subject to 5 USC Sec. 555(b). Ms. Othman contends that the delays in processing her application for adjustment of status are unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the adjustment of status process. 8 USC Sec. 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating

3

to the immigration and naturalization of aliens." (emphasis added.) The Code of Federal Regulations further provides that each "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 CFR Sec. 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 CFR Sec. 245.2 (emphasis added.)

The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the adjustment of status applications. The USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). Further, the FBI is likewise obligated to carry out their duties in an expeditious fashion.

7. Venue of this action is proper under 28 USC Sec. 1391(e)(3). The Defendants maintain their offices in this district and the USCIS Office in this district is adjudicating the plaintiff's applications.

4

### III. PARTIES

8. Plaintiff is a citizen and national of Jordan who received an approval of a self petition pursuant to the VIOLENCE AGAINST WOMEN ACT.

On or about December 29, 2006, your plaintiff had cause to file an I-485 application to adjust her status to that of a lawful permanent resident of the United States pursuant to 8 U.S.C. Section 1159. To date, no final adjudication has been forthcoming. The subject application was filed with the local office of the U.S. Citizenship & Immigration Services, (hereinafter the "USCIS"), Department of Homeland Security. (Formerly known as the Immigration & Naturalization Service)

9. Defendant, Donald Ferguson, is sued in his official capacity. He is the Chicago District Director of USCIS. As such, he is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant to the provisions of the

Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified (Reorganization Plan), the functions of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

10. That Robert Mueller is sued in his official capacity. The FBI is responsible for the proper background clearance conducted on each applicant for adjustment of status.

## IV. **FACTS**

11. Ms. Othman is a citizen and native of Jordan. She was born on September 3, 1976. Ms. Othman is divorced with two (2) children, both of whom are U.S. citizens.

12. Ms. Othman was previously married to Eimad Al Salahat, the father of their two children. It has been found that she was abused both physically and mentally during the length of their relationship.

13. That on or about July 19, 2005, your Plaintiff filed an I-360 visa petition in order to classify her as a "battered spouse" as defined by the VIOLENCE AGAINST WOMEN ACT. This self-petition was subsequently approved on November 21, 2005, which served as a basis for filing the adjustment of status application.

14. That Ms. Othman filed her application for Adjustment of status to that of a lawful permanent resident of the United States in December of 2006.

15. That along with her application to adjust status was an application for work authorization. This subject application was approved.

16. That after filing her application to adjust status to that of a lawful permanent resident, your Plaintiff received a fingerprint notice. She was immediately fingerprinted and scheduled for an interview.

17. That your Petitioner was interviewed pursuant to her adjustment of status application on May 22, 2007. No

word has been forthcoming since the interview except that her "background check" remained pending.

Further, no proper communication was received relative to the same in terms of final adjudication.

**REQUEST FOR RELIEF**

(Unreasonable Delay)

18. The allegations contained in paragraphs 1 through 17 above are repeated and re-alleged as though fully set forth herein.

19. Ms. Othman has complied with all of the requirements for filing her application to adjust status to permanent residency.

20. The Defendants have willfully and unreasonably delayed and have refused to interview and/or adjudicate the I-485 application to adjust status to lawful permanent residency.

21. The delay in adjudicating the application is not attributable to Ms. Othman.

22. The Defendants owe Ms. Othman a duty to adjudicate the adjustment of status application and has unreasonably failed to perform that duty. This duty is

owed under the Immigration & Nationality Act regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

23. The delay is unreasonable per se.

24. Alternatively, or in addition thereto, the delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that adjustment of status applications can be processed in less time now than in prior years.

25. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Ms. Othman will have to be fingerprinted again, in order to have her application for adjustment of status adjudicated. Since the USCIS has made no efforts to fingerprint her again, her case is in an indefinite administrative limbo.

26. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on her application.

27. By making numerous inquiries on the status of the application, Ms. Othman has exhausted any and all administrative remedies that may exist. No other remedy

exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the Plaintiff's application for adjustment of status.

**WHEREFORE,** and in light of the foregoing, Petitioner, Ms. Othman, prays that the Court:

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to interview and adjudicate the application for adjustment of status (Form I-485);

C. Compel the Federal Bureau of Investigation to complete their background and fingerprint process.

D. Grant such other and further relief, as the Court deems appropriate and just.

Dated:  Chicago, Illinois
        October 25, 2007

                              Respectfully Submitted,
                              KRIEZELMAN BURTON &
                                ASSOCIATES, LLC
                              20 North Clark St., #725
                              Chicago, Ill 60602

                              By: _____
                              Justin R. Burton, Esq.
                              #6271142

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street - Suite 725
Chicago, Illinois  60602
(312) 332-2550

## VERIFICATION

JUSTIN R. BURTON, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am a partner in the firm of Kriezelman Burton & Associates, LLC, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with the Plaintiff.


Dated:  Chicago, Illinois
        October 25, 2007


_____
Justin R. Burton
#6271142

## CERTIFICATE OF SERVICE

    I, JUSTIN R. BURTON, ESQ., attorney for Plaintiff, do certify that on October 30, 2007, I served a copy of the attached **Petition for Writ of Mandamus** to the following:

Donald Ferguson
Interim District Director
U.S. Citizenship & Immigration Services
101 Congress Parkway
Chicago, Illinois 60605

Office of the U.S. Attorney
219 South Dearborn Street, 5th floor
Chicago, Illinois 60604

Robert Mueller, Director
Office of Attorney General
Fed. Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, D.C. 20535-0001

                                  */s/ Justin R. Burton*
                                  JUSTIN R. BURTON, ESQ.

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street – Suite 725
Chicago, Illinois 60602
(312) 332-2550